UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM HOWARD ELLIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-74-PPS-AZ |
| GRACE SENICAL, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

William Howard Ellis, a prisoner without a lawyer, filed a complaint which I must screen under 28 U.S.C. § 1915A. The complaint must be dismissed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Ellis alleges he met with his attorney on June 6, 2024, while incarcerated at the LaGrange County Jail. At the end of his meeting, he gave a "folded over paper" to Officer Grace Senical. [DE 1 at 2]. Ellis informed her it was "intended for [his] Attorney T. Godfrey," and she slid it under the door to main control. [*Id*.] He believes the moment he informed her it was for his attorney, it became "privialaged (sic) content regardless of what said paper contains." [*Id*. at 2–3]. The paper never reached his attorney. Based on this transaction, Ellis received a disciplinary conduct report for trafficking. Ellis attempted to speak with jail officials and grieve the issue, but his grievances were denied by Lieutenant Trever Friend and Sergeant Nick Wilson. According to Ellis, the paper in question was "requested by [his] lawyer" regarding a meeting between his attorney and his wife, the purpose of which "was that we had been trying to get marryed (sic)." [*Id*. at 3]. Ellis has sued Officer Senical, Lieutenant Friend, and Sergeant Wilson for monetary damages, and he asks that they be fired from their jobs.

An inmate has a general First Amendment right to send and receive mail, but that right does not preclude prison officials from examining the mail to ensure it does not contain contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *see also Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987) (First Amendment rights in sending and receiving mail can be limited by restrictions that are "reasonably related to legitimate penological interests.")). However, the Constitution places heightened protection on "legal mail," because of the potential for interference with the right to access the courts. *Rowe v. Shake,* 196 F.3d 778, 782 (7th

2

Cir. 1999); s*ee also Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). "Legal mail" is a term of art and refers to mail to or from the inmate's legal counsel that is clearly identified as such; this type of mail may not be opened outside the presence of the inmate. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege. *Wolff*, 418 U.S. at 576–77. Other types of mail may be opened and inspected without violating the inmate's rights. *See Guajardo-Palma*, 622 F.3d at 804; *Kaufman*, 419 F.3d at 686.

Here, the alleged interference of Ellis's written communication regarding his wedding does not state a constitutional claim. First, he describes only one instance of interference by Officer Senical, which isn't enough to subject her to liability. *See Jones v. Walker*, 358 F. App'x 708, 712 (7th Cir. 2009) (interfering with one piece of inmate's mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter and was not part of an ongoing practice of legal mail interference).

On a more fundamental level, Ellis's communication can't be considered "mail" at all, let alone "legal mail." Slipping a folded piece of paper to a guard to hand to an attorney after a visit doesn't fit within the definition of sending and receiving mail, and it's not hard to envision how permitting such lax communications could lead to abuse.[1]

---

[1] The second grievance response notes that "Officer Senecal viewed this situation as steps towards inmate trafficking between two facilities via your attorney, Mr. Godfrey. The Sheriff spoke to your attorney, Mr. Godfrey and it was agreed upon that this was not acceptable and should not have happened due to the fact that it was not legal paperwork." [DE 1-1 at 2].

*See e.g., Van den Bosch*, 658 F.3d at 785 ("legitimate penological interests might include crime deterrence, prisoner rehabilitation, and protecting the safety of prison guards and inmates"). Moreover, despite Ellis's attempt to orally transform the communication into "legal mail," he admits the paper wasn't marked as such and that it concerned his wedding rather than a court matter. I find that Ellis's folded piece of paper doesn't constitute legal mail and, therefore, wasn't entitled to any special protections. *Kaufman*, 419 F.3d at 686 (describing legal mail as being "marked with an attorney's name and a warning that the letter is legal mail"). Ellis's allegations against Officer Senical don't state a claim.

He has also sued Lieutenant Friend and Sergeant Wilson for their role in denying his grievances. However, Ellis has no constitutional right to access the grievance process, so these allegations don't state a claim either. *See Grieveson v. Anderson*, 538 F.3d 763, 771-72 (7th Cir. 2008) (noting there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure); *see also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad

4

discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because the complaint fails to state any claims.

**SO ORDERED**.

ENTERED: February 26, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT